UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM L. PARKER,

    Plaintiff,

v.

                                       Case No. 23-cv-11556
                                       Honorable Linda V. Parker

PRIORITY HEALTH,

    Defendant.
_____/

**<u>OPINION AND ORDER (1) REJECTING OBJECTIONS TO MAGISTRATE JUDGE'S MARCH 3, 2025 REPORT AND RECOMMENDATION & MARCH 18, 2025 ORDER; (2) ADOPTING REPORT AND RECOMMENDATION; (3) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 28); AND (4) AFFIRMING MARCH 18 ORDER</u>**

    Plaintiff Sam Parker ("Mr. Parker") has filed a pro se Complaint against his former employer, Defendant Priority Health ("Priority Health"), claiming employment discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964. The matter has been referred to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 24.) Priority Health filed a motion for summary judgment on July 12, 2024, which was fully briefed. (ECF Nos. 28, 31, 36.) After

1

the motion was filed, Mr. Parker filed a motion to compel discovery, which also was fully briefed. (ECF Nos. 30, 34, 37.)

On March 3, 2025, Magistrate Judge Grand issued a Report and Recommendation (R&R), recommending that Priority Health's motion be denied without prejudice and an order issued requiring the parties to participate in mediation. (ECF No. 38.) Magistrate Judge Grand observes that the record does not include Mr. Parker's EEOC charge to enable the Court to properly address Priority Health's statute of limitations argument. Magistrate Judge Grand further observes that there are facts in the record, not acknowledged by Priority Health, from which a reasonable juror might conclude that Mr. Parker was subjected to a hostile work environment based on race and unlawful retaliation. In footnotes to the R&R, Magistrate Judge Grand also informs the parties that Mr. Parker's motion to compel will be denied because the discovery he sought is not relevant to any of his claims. A text-only order denying the motion was entered March 18, 2025.

At the conclusion of the R&R, Magistrate Judge Grand informs the parties that they must file any objections to the R&R within fourteen days. Only Mr. Parker has objected. (ECF No. 39.) Mr. Parker asserts objections to the R&R and the order on his motion to compel.

2

**Standard of Review**

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law." *Id.* The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's

3

objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

In his first objection, Mr. Parker takes issue with Magistrate Judge Grand's ruling on his motion to compel.  (*See* 3/18/25 Text Only Entry; *see also* ECF No. 38 at PageID. 393 n.2 & PageID. 399-400 n.7 (finding the discovery sought by Mr. Parker not relevant to any of his claims).)  It is not clear to the Court from his arguments, however, how the requested evidence is relevant to any of his claims.[1]  The Court cannot conclude that Magistrate Judge Grand clearly erred in denying the motion.

In his second and third objections, Mr. Parker states the same objection—that being the recommendation to dismiss Priority Health's motion without prejudice, which enables the refiling of the motion if mediation is unsuccessful.

---

[1] If mediation is unsuccessful, Mr. Parker may refile his motion to compel if he can adequately explain the connection between the discovery requested and his claims.

4

He provides different "reasons for the objection" in each, however. In his second objection he contends that the "without prejudice" dismissal does not provide a motivation for Priority Health to negotiate in good faith, when it has refused to do so previously. In his third objection, he takes issue with Priority Health's assertion that he was not adequately qualified for his position.

Starting with the third objection, Magistrate Judge Grand did not address any argument by Priority Health that Mr. Parker was not qualified. It was unnecessary to do so given the recommendation to deny the motion for summary judgment without prejudice. Therefore, there is no issue addressed in the R&R for which de novo review is warranted.

As to Mr. Parker's second objection, the Court believes that it was proper for Magistrate Judge Grand to deny Priority Health's motion without prejudice. Magistrate Judge Grand's discussion of the evidence in the R&R should motivate Priority Health to mediate in good faith, if it did not do so previously.

Accordingly, the Court rejects Mr. Parker's objections to Magistrate Judge Grand's R&R and order. The Court adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Priority Health's motion for summary judgment (ECF No. 28) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Magistrate Judge Grand's March 18, 2025 text-only order denying Mr. Parker's motion to compel is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the parties shall be referred to a settlement conference before Magistrate Judge Grand.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: March 20, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 20, 2025, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager